United States District Court
Middle District of Florida
Jacksonville Division

**JOSEPH KUEHL,**

    *Plaintiff,*

v.    No. 3:14-CV-884-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

## Order Granting Counsel's Petition for Fee Authorization

Joseph Kuehl's attorney, Chantal Harrington, Esquire, has filed a petition under 42 U.S.C. §§ 406(b) and 1383(d)(2) (incorporating § 406(b)) and 20 C.F.R. §§ 404.1728(b) and 416.1528(b) asking for authorization to charge Kuehl **$6296.26** for her successful representation of him in this case. Doc. 29.[1] The Commissioner of the Social Security Administration ("SSA") does not oppose the request. Doc. 29 at 3. Kuehl's position is unknown.

## Background

Kuehl applied for disability-insurance and supplemental-security-income benefits. Tr. 176−84. An Administrative Law Judge found he was not disabled, and the Appeals Council denied his review request. Tr. 1−6, 9−27. Jessica Dumas, Esquire, represented him during the administrative proceedings. Tr. 12, 72; Doc. 29 at 2.

---

[1] Harrington filed the petition and the memorandum of law supporting it in separate documents. *See* Docs. 29, 29-1. Local Rule 3.01(a) requires a movant to include the request for relief and legal memorandum "in a single document." The Court expects future filings to comply with the Local Rules.

Kuehl brought this case to challenge the denial of benefits. Doc. 1. He and Harrington entered into a standard contingent-fee agreement under which she agreed to represent him in this case, and he agreed to pay her 25 percent of any past-due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 29-3.

Kuehl filed a complaint, Doc. 1, followed by a 26-page brief raising three issues, Doc. 17. The Commissioner responded by filing an unopposed motion asking the Court to remand the case. Doc. 20. The Court granted the motion, reversed the denial of benefits, and remanded the case for further administrative proceedings. Doc. 21. The Court later awarded Kuehl **$4022.22** in EAJA fees based on 21.4 hours at **$187.02** an hour. Docs. 23, 24.[2]

On remand, the agency determined Kuehl was entitled to **$65,273.90** in past-due benefits. Doc. 29-4 at 2. Because the SSA apparently issued an incorrect Notice of Award, he requested, and the Court granted, permission to file a petition for approval of attorney's fees within 30 days after receipt of a corrected Notice of Award by his counsel before the SSA or this Court, whichever was earlier. Docs. 26, 27. The SSA sent a revised Notice of Award dated October 26, 2016, in which it explained it should have set aside 25 percent of the award (**$16,318.48**) for attorney's fees. Doc. 29-4 at 2. Harrington filed the current petition on November 18, 2016. Doc. 29.

---

[2]Kuehl actually requested **$4002.22** in EAJA fees, and the Court granted the request as to that amount. See Doc. 23 at 1–2; Doc. 24 at 1, 4–5. Due to a typographical error, however, the docket text accompanying the Court's order indicated that Kuehl was to receive **$4022.22** in EAJA fees—a difference of $20—and the Clerk of Court entered judgment in that amount. See Doc. 25 at 1. The Commissioner did not object to the erroneous judgment. Because Harrington's petition indicates receipt of the (incorrect) higher amount, see Doc. 29 at 2, deducting the EAJA fee actually obtained from any award of § 406(b) fees, as she suggests, is warranted.

## Authority

Three provisions governing attorney's fees apply: 42 U.S.C. §§ 406(a) and (b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Section 406(a) provides an attorney may request fees for work performed during the administrative proceedings, and the agency must allow them if the claimant succeeded on appeal. Alternatively, an attorney may file a contingent-fee agreement before the benefits ruling. 42 U.S.C. § 406(a)(2)(A). If the claimant succeeds, the agency will approve the agreement if the fees do not exceed the lesser of 25 percent of past-due benefits or **$6000**. 42 U.S.C. § 406(a)(2)(A)(ii), (iii); 74 Fed. Reg. 6080 (Feb. 4, 2009).

For representation during court proceedings, § 406(b) provides an attorney who obtains remand may request fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from—not in addition to—the past-due benefits. 42 U.S.C. § 406(b)(1)(A). The combined fees under §§ 406(a) and 406(b) may not exceed 25 percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). A § 406(b) motion must be filed "no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *See In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)* (M.D. Fla. Nov. 14, 2012).

Under the EAJA, a court must order the United States to pay fees to a party who prevails against the United States, unless the United States' position was substantially justified or a special circumstance makes an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at **$125** an hour (unless a special circumstance or cost-of-living adjustment justifies more). 28 U.S.C. § 2412(d)(2)(A). An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA

fees from the § 406(b) amount. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

A court must follow the framework in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), when evaluating an attorney's request for § 406(b) fees based on a contingent-fee arrangement.

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that led to an accumulation of benefits while the case was pending, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

*Gisbrecht* held the claimant's attorney must show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

When assessing reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fees. *Jeter v. Astrue,*

4

622 F.3d 371, 382 (5th Cir. 2010). As to *Gisbrecht*'s windfall prohibition, the Fifth Circuit has explained:

> [I]f a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time. In this way, *Gisbrecht*'s "windfall" does not preclude attorneys from recovering what may mathematically seem like a high fee award if the attorney's success on appeal is of his own making.

*Id.* at 381.

## Analysis

As an initial matter, the petition, filed on November 18, 2016, Doc. 29, is timely. Although the SSA apparently had sent a Notice of Award several months earlier, *see* Doc. 26, the Court granted an extension of time allowing Harrington to file a petition for approval of attorney's fees within 30 days after receipt of the corrected Notice of Award by his counsel before the SSA or this Court, whichever was earlier, Doc. 27. The SSA sent a revised Notice of Award dated October 26, 2016. Doc. 29-4 at 1. Harrington filed her petition within 30 days of that date. Doc. 29.

Harrington arrives at **$6296.26** as follows: **$16,318.48** (25 percent of Kuehl's past-due benefits of **$65,273.90**), minus **$4022.22** (the previously awarded EAJA fees), minus **$6000** (the amount of § 406(a) fees to Dumas). Doc. 29 at 1.

To satisfy her burden of establishing **$6296.26** is reasonable, Harrington points to the following: **$6296.26** is authorized by the contract between her and Kuehl and within the statutory limits; the risk of loss was substantial; he benefited from her significant experience in social-security cases (over 20 years) and obtained substantial past-due benefits (**$65,273.90**); she acted diligently; other courts have approved higher fees for similar work; the fee does not result in a windfall to her; and he consented to pay the requested fee. Doc. 29-1 at 7–16.

The Court finds **$6296.26** is reasonable. Although this case was not more difficult or riskier than most (and Harrington does not claim otherwise), a reasonableness finding is warranted based on several factors combined: the § 406(a) and (b) fees together consume less than 25 percent of Kuehl's past-due benefits, Harrington is an expert in social-security law, Harrington accepted the case despite the general risks of filing social-security cases after initial agency setbacks, Harrington exhibited diligence, and Kuehl, with Harrington's help, succeeded.

In making that finding, the Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is warranted if the benefits are large compared to the time spent on the case, see *Gisbrecht*, 535 U.S. at 808, and further mindful that Kuehl's past-due benefits were substantial (**$65,273.90**), Doc. 29-4 at 2, while Harrington's hours on the case were not (21.4 hours), Doc. 29-1 at 3, making her effective hourly rate presumably much higher than an ordinary hourly rate in the Jacksonville legal market for the same type of work by counsel with comparable skill and experience.[3] But based on the above facts, the Court attributes Kuehl's success in large part to Harrington's efficient endeavors in this case, making it appropriate for her to "reap the benefit of h[er] work." See *Jeter*, 622 F.3d at 380–81 (quoted).

## Conclusion

The Court:

1.  **grants** the petition, Doc. 29; and

---

[3] Harrington states she does not perform work on a non-contingent basis and so "does not have a 'noncontingent hourly rate.'" Doc. 29-1 at 8, 13.

2. **authorizes** Harrington to charge Kuehl **$6296.26** in § 406(b) fees out of his past-due benefits award for her successful representation of him in this case.

**Ordered** in Jacksonville, Florida, on January 3, 2017.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record